**PING CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Board of Immigration Appeals, Michael B. Mukasey,[1] United States Attorney General, Respondents.**

No. 07–4035–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Ping Chen, pro se, Flushing, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States Depart-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Acting Attorney General Peter D. Keisler as the respondent in this case.

ment of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ping Chen, a native and citizen of China, seeks review of the August 24, 2007 order of the BIA denying her motion to reopen. *In re Ping Chen,* No. A77 567 995 (B.I.A. Aug. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Chen's motion to reopen as time and number barred. As the BIA noted, its final order was issued in March 2004, but Chen did not file her second motion until February 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). However, there are no time or number limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Chen's argument that the BIA abused its discretion in finding that she failed to establish changed country conditions in China is unavailing because even assuming *arguendo* that she had, the BIA did not err in concluding that she failed to establish *prima facie* eligibility for relief from removal. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that the BIA may deny a motion to reopen if a "movant has not established a prima facie case for the underlying substantive relief sought"). Indeed, we have held that the BIA does not abuse its discretion where, as here, it denies a motion to reopen for an alien's failure to rebut an underlying adverse credibility finding. *See Kaur,* 413 F.3d at 234. In the underlying proceedings in this case, the IJ made an adverse credibility finding not only questioning the existence of Chen's two Chinese citizen children but her entire account of persecution under China's family planning policies as well. Thus, as Chen's motion to reopen seeks relief on the basis of her violation of the family planning policy with the birth of her two Chinese citizen children and her one U.S. citizen child, the BIA reasonably relied on her failure to rebut the underlying adverse credibility finding to deny her motion to reopen for failure to demonstrate *prima facie* eligibility for relief from removal. *See Kaur,* 413 F.3d at 234; *see also Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED.